Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| JENNY DE LA CRUZ BÁEZ RECURRIDA V. MARCOS CORDERO GONZÁLEZ PETICIONARIO | KLCE202400189 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla Civil Núm.: AG2020RF00009 Sobre: CUSTODIA-RELACIONES PATERNO/MATERNO FILIALES |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 21 de marzo de 2024.

Comparece el Sr. Marcos Cordero González (señor Cordero González o el peticionario) y solicita la revocación de la *Resolución y Orden* emitida y notificada el 6 de febrero de 2024, por el Tribunal de Primera Instancia, Sala de Aguadilla (TPI o foro primario) en el caso de epígrafe, sobre custodia y relaciones paternofiliales, instado ante el TPI por la Sra. Jenny de la Cruz Báez (señora de la Cruz Báez o la recurrida). Mediante la referida *Resolución y Orden* el foro primario, tras examinar la *Moción Sobre Estado del Caso y Solicitud de Orden,* presentada 5 de febrero de 2024 por la Sra. Janice Babá Rivera, Trabajadora Social del Departamento de la Familia, acogió la recomendación del Grupo SEPI y entre otros asuntos, no autorizó por el momento las relaciones paternofiliales del señor Cordero González con los menores.

Por los fundamentos que pasamos exponer, expedimos del auto de *certiorari* solicitado por el peticionario y revocamos aquellos extremos de la *Resolución y Orden* recurrida en los que el foro primario determinó no

Número Identificador
SEN2024 _____

autorizar por el momento las relaciones paternofiliales del señor Cordero González con el menor

I

El trámite procesal del recurso que nos ocupa surge en el contexto de una *Petición de Custodia, Relaciones Filiales o Patria Potestad* presentada por señora de la Cruz Báez el 10 de enero de 2020, ante el foro primario, en la cual esta solicitó al TPI que le otorgara la custodia de sus dos (2) hijos menores de edad, JACDC y ENCDC, producto de su relación con el peticionario.[1]

Tras varios incidentes procesales, mediante *Sentencia* emitida por este Tribunal de Apelaciones el **10 de junio de 2022,** en el caso con designación alfanumérica KLCE202101294, el Departamento de la Familia obtuvo la custodia provisional de ambos menores, tras alegaciones de maltrato y alienación parental. En dicha Sentencia este Tribunal de Apelaciones ordenó al TPI referir a los menores al Departamento de la Familia para que estos asumieran su custodia provisional. Enfatizó, además, que el foro primario debía celebrar vistas a la brevedad posible, con la obligación de dilucidar la controversia de custodia sin atrasos innecesarios, para así asegurar que los menores fueran colocados bajo la custodia de quien asegure sus intereses óptimos.[2] .

El 5 de septiembre de 2023, el foro primario emitió *Resolución* en la que, tras acoger las recomendaciones de un Informe sometido el 11 de julio de 2023 por la Trabajadora Social del Departamento de la Familia, la Sra. Janice Babá Rivera, determinó que procedía que el Departamento de la Familia continuara ejerciendo la custodia provisional de los menores. Asimismo, el foro primario autorizó que se iniciaran relaciones maternofiliales supervisadas en escenario terapéutico: ordenó al peticionario beneficiarse de servicios de interés en el que se le orientara sobre los efectos de la alienación parental y como evitarlo; que este debía

---

[1] Véase, Apéndice XIII de la Petición de *Certiorari* (Sentencia emitida el 10 de junio de 2022 por este Tribunal de Apelaciones en el caso con designación alfanumérica KLCE202101294)
[2] Véase Sentencia emitida por el Tribunal de Apelaciones en el caso KLCE202101294

informar en veinte días quien le habría de proveer dichos servicios y dispuso que las relaciones paternofiliales se mantendrían suspendidas hasta que tribunal analizara el resultado de los servicios recibidos por el señor Cordero González. Finalmente, el TPI estableció que los servicios a los menoresfueran ofrecidos por el Grupo SEPI.[3]

Así las cosas, el 22 de enero de 2024, el Grupo SEPI presentó ante el TPI *Certificación de Relaciones Filiales* de 20 de enero de 2024.[4] Entre otros asuntos, en dicho documento el Grupo SEPI concluyó que los menores estuvieron expuestos a alienación parental por parte de su padre en contra de la madre. En dicha *Certificación de Relaciones Filiales* el Grupo SEPI recomendó continuar con las relaciones maternofiliales supervisadas por un terapeuta y, además, recomendó que antes de aprobar una relación paternofilial se hiciera una evaluación de las capacidades protectoras del padre donde medie certificación profesional que garantice el bienestar, seguridad y protección física y emocional de estos.

El 26 de enero de 2024, el Departamento de la Familia presentó ante el *TPI Informe Social en Interés de los Menores Cordero de la Cruz.*[5] Posteriormente, el 5 de febrero de 2024, la Sra. Janice Babá Rivera, Trabajadora Social del Departamento de la Familia, presentó ante el foro primario *Moción Sobre Estado del Caso y Solicitud de Orden.*[6]

En respuesta, y como parte del manejo del caso ante su consideración, el 6 de febrero de 2024, el foro primario emitió y notificó *Resolución y Orden.* En síntesis, en dicha *Resolución y Orden* el TPI acogió la recomendación del Grupo SEPI sobre relaciones filiales terapeúticas y **no autorizó por el momento la relaciones paternofiliales del señor Cordero González con los menores**. Surge además, de la

---

[3] Véase *Resolución* de 5 de septiembre de 2023, Apéndice VI de la *Petición de Certiorari*, páginas 29-34.
[4] Véase Apéndice II de la *Petición de Certiorari*, páginas 4-10.
[5] Véase páginas 49-53 del Apéndice de la *Petición de Certiorari.*(Entrada Núm. 589 de SUMAC)
[6] Véase Entrada Núm. 600 de SUMAC en el caso con designacón alfanumérica AG2020RF0009

*Resolución y Orden* recurrida que el TPI acogió la recomendación del Grupo SEPI de continuar con las relaciones maternofiliales supervisadas.

Entre otros asuntos, en la *Resolución y Orden* recurrida el foro primario concedió a las partes un término ige veinte (20) días para notificar a la Sra. Janice Babá Rivera las evaluaciones psiquiátricas y psicológicas realizadas con médicos privados y **concedió el mismo término al señor Cordero González para notificar el informe médico que le ofreció terapias sobre alienación parental,** con los hallazgos y recomendaciones. Sin embargo, sobre esos extremos, **el TPI mantuvo suspendidas las relaciones paternofiliales del señor Cordero González**.

En desacuerdo, el señor Cordero González recurre ante nos mediante el recurso de epígrafe y como único señalamiento de error, sostiene lo siguiente:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA EN DETERMINAR QUE EL MEJOR BIENESTAR DE LOS MENORES ES MANTENER RELACIONES PATERNO FILIALES SUSPENDIDAS BASADO EN UNA RECOMENDACIÓN DE SEPI QUE NO ES CONCLUYENTE EN CUANTO A ENAJENACIÓN PARENTAL Y NO ESCUCHÓ PRUEBA DE LAS TERAPIAS RECIBIDAS POR EL RECURRENTE SEGÚN SE HABÍA ORDENADO PREVIAMENTE CON EL FIN DE RESTABLECER LAS RELACIONES PATERNO-FILIALES DE FORMA SUPERVISADAS.

El 1 de marzo de 2024, ordenamos a la señora de la Cruz Báez mostrar causa en el término de quince (15) días por la cual no debamos expedir el auto solicitado por el peticionario. Dicho término venció el 18 de marzo de 2024, sin que la recurrida compareciera a expresarse en torno a la orden de mostrar causa emitida. Transcurrido en exceso el plazo concedido a la señora de la Cruz Báez, resolvemos sin el beneficio de su comparecencia.

II

A.

El *certiorari* es un recurso de carácter discrecional. *800 Ponce de León v. AIG*, 205 DPR 163 (174) (2020); *IG Builders v. BBVAPR,* 185 DPR

307, 337 (2012); *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999). Dicha discreción está delimitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, la cual nos faculta para revisar los asuntos bajo las Reglas 56 y 57 de Procedimiento Civil, y las denegatorias de mociones de carácter dispositivo. *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023). A manera de excepción, podremos revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, anotaciones de rebeldía, **relaciones de familia**, casos que revistan interés público o cualquier otro asunto en el cual esperar hasta una apelación constituiría un fracaso irremediable de la justicia.

Si bien la Regla 52.1, *supra*, limita el ámbito de discreción a asuntos interlocutorios, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, nos provee otros criterios para ejercer nuestra discreción. Dichos criterios son los siguientes: (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; (B) Si la situación de hechos planteada es la más indicada para el análisis del problema; (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Al revisar una determinación de un tribunal de menor jerarquía, como Tribunal de Apelaciones, tenemos la tarea principal de auscultar si el tribunal revisado aplicó correctamente el derecho a los hechos particulares del caso ante sí. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 770 (2013). Como regla general, los

tribunales apelativos no tenemos la facultad de sustituir las determinaciones del foro de instancia con nuestras propias apreciaciones. *Dávila Nieves v. Meléndez Marín*, supra, pág. 771; *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007).

Según ha resuelto reiteradamente nuestro Tribunal Supremo, "un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción". *Meléndez Vega* v. *Caribbean Intl. News*, 151 D.P.R. 649, 664 (2000).

La excepción a la norma general ocurre cuando la parte demuestra al tribunal apelativo que el juzgador de instancia actuó motivado por: 1) pasión, 2) prejuicio, 3) parcialidad, o 4) que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, supra, pág. 771. A tales efectos, el Tribunal Supremo ha reiterado que los tribunales de mayor jerarquía no debemos sustituir el criterio discrecional del tribunal inferior en cuanto sus determinaciones interlocutorias procesales. *Lluch* v. *España Service Sta.*, 117 D.P.R. 729 (1986); *Valencia, Ex parte*, 116 D.P.R. 909 (1986); *Ortiz Rivera* v. *Agostini*, 92 D.P.R. 187 (1965); *García* v. *Asociación*, 165 D.P.R. 311 (2005).

B.

Los casos de relaciones de familia están permeados del más alto interés público y tienen, además, un carácter *sui generis*. *Figueroa Hernández v. Del Rosario Cervoni*, 147 DPR 121,128 (1998). Es doctrina reiterada que en estos casos los tribunales han de regirse por el bienestar y los mejores intereses del menor. *Muñoz Sánchez v. Báez de Jesús*, 195 DPR 645 (2016). Los tribunales están llamados a ejercer su poder inherente, en la función de *parens patriae* del Estado, de velar por el mejor bienestar de los menores. *Muñoz Sánchez v. Báez de Jesús, supra a la pág.651*; *Pena v. Pena,* 152 DPR 820,832-833 (2000). Conforme a las prerrogativas que derivan del poder de *parens patriae* del Estado, un tribunal puede ordenar la comparecencia de todas las personas que

puedan ayudar a determinar la mejor manera de proteger el bienestar del menor. Esta responsabilidad incluye, a su vez, la potestad de ordenar las investigaciones de índole social que el tribunal entienda procedentes. *Muñoz Sánchez v. Báez de Jesús, supra a la pág.652; Pena v. Pena, supra.*

Debemos puntualizar que el derecho a mantener relaciones paterno o materno filiales, según sea el caso, es uno apremiante y repercute sobre la política pública a tal punto que los tribunales "pueden regular las relaciones paternofiliales, pero no pueden prohibirlas totalmente, a menos que existan causas muy graves para hacerlo". *Sterzinger v. Ramírez*, 116 DPR 762, 775 (1985). El derecho del padre o madre no custodio a relacionarse con sus hijos menores tiene la naturaleza de un derecho-deber de su titular, ya que está pensado y concebido no sólo para su propio beneficio, sino eminentemente en beneficio del menor. *Sterzinger v. Ramírez,supra a la pág.776.*

Un trámite procesal dilatado en casos de esta naturaleza podría develar un incumplimiento reprobable de un procedimiento que tiene como norte brindar certeza y estabilidad al entorno familiar. *Véase, Muñoz Sánchez v. Báez de Jesús, supra a la pág.653.*

III

Es la contención del señor Cordero González que incidió el TPI al mantener suspendidas por el momento las relaciones paternofiliales de este con los menores. Razona el peticionario que erró el foro primario al tomar como base para su determinación interlocutoria una recomendación de SEPI que no es concluyente en cuanto a enajenación parental y sin escuchar prueba sobre las terapias recibidas por este, según ordenadas previamente con el fin de autorizar relaciones paternofiliales supervisadas.

Es preciso destacar que, a manera de excepción, la Regla 52.1, *supra*, nos autoriza a revisar asuntos referentes a relaciones de familia y que ejercemos dicha facultad discrecional conforme a los criterios de la Regla 40, *supra.* Aunque en dicho ejercicio prevalece la norma de

deferencia a la revisión de órdenes interlocutorias razonables, cuando el foro primario incurre en un abuso de discreción o su determinación interlocutoria ocasiona un fracaso de la justicia, ello nos coloca en la posición de intervenir con la determinación del TPI.

Mediante la *Resolución y Orden* recurrida por el peticionario, el foro primario, tras examinar la *Moción Sobre Estado del Caso y Solicitud de Orden,* presentada 5 de febrero de 2024 por la Sra. Janice Babá Rivera, Trabajadora Social del Departamento de la Familia, acogió la recomendación del Grupo SEPI y entre otros asuntos, **no autorizó por el momento las relaciones paternofiliales del señor Cordero González con los menores.** Además, en la aludida *Resolución y Orden* recurrida, el TPI concedió a las partes un término de veinte (20) días para notificar a la Sra. Janice Babá Rivera las evaluaciones psiquiátricas y psicológicas realizadas al menor con médicos privados **y concedió el mismo término al señor Cordero González para notificar el informe médico que le ofreció terapias sobre alienación parental, con los hallazgos y recomendaciones.**

Tras un análisis de los hechos particulares que motivan la presentación del recurso que nos ocupa, conforme a los criterios que establece la Regla 40 de nuestro Reglamento, *supra*, nos vemos en la imperativa necesidad de intervenir con la *Resolución y Orden* recurrida mediante la expedición el auto de *Certiorari,* solicitado por el peticionario. Aunque podría argumentarse que la determinación recurrida forma parte del manejo del caso por parte del TPI, somos de la opinión que **aquellos extremos de la *Resolución y Orden* recurrida que mantienen suspendidas las relaciones paternofiliales del peticionario se distancian de los parámetros de razonabilidad en los que se apoyan las normas de deferencia hacia las determinaciones interlocutorias del TPI.** Además, la denegatoria a la expedición el auto solicitado por el señor Cordero González ocasionaría un fracaso de la justicia.

Aquellos extremos de la *Resolución y Orden* recurrida objeto del presente recurso que mantienen en suspenso las relaciones paternofiliales de este, solo a base de la recomendación del grupo SEPI se alejan de los parámetros de razonabilidad, toda vez que el TPI arribó a dicha determinación sin haber escuchado prueba sobre las terapias de alienación parental recibidas por el señor Cordero González y sin haber analizado el resultado de dichas terapias.  Pesa además, en nuestro ánimo que según surge del tracto procesal del caso, hace alrededor de un (1) año y medio (1/2) que el peticionario no se relaciona con los menores.  Concluimos que con estos antecedentes y en consideración a los hechos particulares del caso procede expedir el auto de *certiorari* solicitado por el peticionario y revocar aquellos extremos de la *Resolución y Orden* recurrida en los que el TPI determinó mantener suspendidas las relaciones paternofiliales del del peticionario.  De igual forma procede ordenarle al foro primario la celebración inmediata de una vista evidenciaria en la que escuche prueba sobre las terapias recibidas por el señor Cordero González con el fin de evaluar si procede autorizar las relaciones paternofiliales.

IV

Por los fundamentos anteriormente expuestos, los cuales hacemos formar parte de esta Sentencia, se expide el auto de *Certiorari* y se revocan aquellos extremos de la *Resolución y Orden* recurrida en los que el TPI determinó mantener suspendidas las relaciones paternofiliales del peticionario.  En consecuencia se autorizan las visitas **supervisadas** del peticionario y los menores y se ordena al foro primario la **celebración urgente de una vista evidenciaria** en la que el TPI reciba y escuche prueba sobre las terapias recibidas por el señor Cordero González, entre otras pruebas, para dilucidar la determinación final de las relaciones paternofiliales.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones